UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANA GUERRA,<br><br>                              Plaintiffs,<br><br>-against-<br><br>TRECE CORP. D/B/A TRECE MEXICAN CUISINE & TEQUILA BAR and JOEL LIM, INDIVIDUALLY,<br><br>                              Defendants. | **COMPLAINT**<br><br>**PLAINTIFF DEMANDS A TRIAL BY JURY**<br><br>**ECF CASE** |

Plaintiff, Ana Guerra, ("Plaintiff"), by her attorneys, Lipman & Plesur, LLP, complains of Defendants Trece Corp. d/b/a Trece Mexican Cuisine & Tequila Bar and Joel Lim, (collectively referred to as "Defendants") as follows:

## PRELIMINARY STATEMENT

1. Plaintiff complains that she is owed: (i) minimum wages; (ii) overtime premium pay; (iii) earned and improperly retained gratuities; and (iv) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (hereinafter referred to as the "FLSA").

2. Plaintiff further complains that she is owed additional wages from Defendants for failure to pay minimum wages and overtime premium pay under the New York State Minimum Wage Order for the Hospitality Industry, N.Y. Comp. Codes R. & Regs., Title 12 § 146 and the previous Title 12 § 137 et seq., the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., and the New York Labor Law §§ 190 et seq. (hereinafter collectively referred to as the "NYLL"). Additional monies are also owed because: (i) gratuities and service charges were unlawfully misdirected to management or otherwise not paid in violation of NYLL; (ii) Plaintiff was entitled to one hour's pay at the basic minimum wage rate (in addition to the minimum and overtime wages to which she is entitled to under NYLL) for every day she worked in which the

"spread of hours" for that day exceeds ten hours; (iii) Plaintiff was subjected to unlawful deductions from wages; and (iv) Defendants failed to provide Plaintiff with Wage Notices and Wage Statements. Plaintiff also seeks liquidated damages under the NYLL.

3. Plaintiff further complains that she was discriminated against and fired due to her pregnancy in violation of Title VII of the Civil Rights Act, 42 U.S.C. 2000e *et seq.* and in violation of the New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.* (hereinafter referred to as the "NYSHRL") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* (hereinafter referred to as the "NYCHRL").

4. Plaintiff has filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and intends to amend the instant Complaint to include a cause of action under Title VII after receiving a Right to Sue Letter from the EEOC.

5. A copy of this Complaint will be served on the City Commission on Human Rights and the Corporation Counsel of the City of New York.

## JURISDICTION AND VENUE

6. Plaintiff invokes the jurisdiction of this Court pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216, and the supplemental jurisdiction statute, 28 U.S.C. § 1367, in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

7. The venue of this action is proper because the events or omissions giving rise to the claims occurred primarily within, and Defendants conduct business within, the Southern District of New York.

## PARTIES

8. Plaintiff Ana Guerra ("Plaintiff" or "Plaintiff Guerra") is an adult individual residing in Bronx, New York. Plaintiff was employed by Defendants as a server and bartender from in or about October of 2013 to December of 2016.

9. Upon information and belief, Trece Corp. d/b/a Trece Mexican Cuisine & Tequila Bar belief, (the "Defendant Company"), is a domestic corporation organized and subject to the laws of New York State.

10. Upon information and belief, Defendant Joel Lim (the "Individual Defendant") serves as an owner and officer of the Defendant Company and is hereby sued individually and in his capacity as an owner, officer, employer and/or agent of the Defendant Company and resides in Jersey City, New Jersey.

11. At all times relevant, Defendants were covered by the FLSA, the NYLL, the NYSHRL and the NYCHRL.

12. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA, NYLL, NYSHRL and NYCHRL.

13. Upon information and belief, the Individual Defendant is the principal, controlling shareholder of the Defendant Company so as to be liable for its conduct.

14. Upon information and belief, the Individual Defendant had responsibility for the Defendant Company's wage-hour policies and practices.

15. At all relevant times, the Defendants affected commerce within the meaning of 29 U.S.C. § 203(b).

16. Upon information and belief, the Individual Defendant operates a restaurant called

Trece Mexican Cuisine & Tequila Bar which is located at 54 East 13th Street, New York, New York 10003.

17. Upon information and belief, the Individual Defendant maintains employment and other records and documents.

18. Upon information and belief, the gross annual volume of sales made or business done by Defendants was not less than $500,000.

19. At all relevant times, the Individual Defendant was Plaintiff's employer within the meaning of the FLSA and NYLL.

20. Upon information and belief, the Individual Defendant had the power to hire and fire Plaintiff, control her terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

21. The Individual Defendant decided on who was hired or fired.

## FACTS REGARDING WAGE CLAIMS

22. Plaintiff Guerra was employed by Defendants to work at Trece Mexican Cuisine & Tequila Bar.

23. Plaintiff Guerra worked as a server and bartender and was paid at a rate of only $25.00 per day, despite working over 10 hours per day and 5 days per week for the majority of her employment at Defendants.

24. Defendants failed to pay hourly wages for work time, and even entire shifts went unpaid so that Plaintiff was, at times, working without receiving any wages.

25. Plaintiff was not paid at all for the last 3 weeks of her employment.

26. Plaintiff was never provided with a wage notice as required under the NYLL.

27. Plaintiff was never provided with wage statements as required under the NYLL.

4

Case 1:18-cv-00625-ER  Document 1  Filed 01/24/18  Page 5 of 11

28. Plaintiff was never notified if and how Defendants intended to take a tip credit towards the minimum wage in violation of the FLSA and the NYLL.

29. Defendants failed to keep time records for Plaintiff in violation of the NYLL and the FLSA.

30. Plaintiff was paid a day rate of $25 and not paid by the hour as required under the law.

31. Plaintiff worked more than forty (40) hours per week but was not paid the lawfully required overtime premium pay for her overtime work.

32. For example, from approximately October 2013 until the end of December 2015, Plaintiff worked 5 days per week from 4:00 p.m. to 2:15 a.m. approximately 51 hours per week.

33. From approximately January 2016 until in or about December 2016 Plaintiff worked 3 days per week from 4:00 p.m. to 2:15 a.m.

34. Plaintiff was also forced to split her tips with management.

35. Plaintiff worked days in which the "spread of hours" for that day exceeded ten hours and was not paid extra "spread of hours" pay.

36. Throughout the relevant period, Defendants failed to keep accurate records of the hours worked by employees, including the total number of hours worked each day and each week.

37. Throughout the relevant period, Defendants failed to keep accurate records of the gratuities earned by Plaintiff.

## FACTS REGARDING UNLAWFUL DISCRIMINATION

38. Plaintiff's work performance was at all times satisfactory.

39. Plaintiff was never told that there was a problem with her work.

40. Plaintiff was approximately three (3) months pregnant in December of 2016 when

5

she began to "show".

41. Plaintiff told her employer, through her manager, that she was pregnant in December, 2016.

42. At that time, her manager, Jose Ortega, told Plaintiff that she was fired due to her pregnancy.

43. Jose Ortega sent Plaintiff a text message confirming that Plaintiff was fired because she was pregnant.

## AS AND FOR A FIRST CAUSE OF ACTION
### Violation of the Minimum Wage Provisions of the FLSA

44. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

45. At all relevant times, Defendants were Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

46. At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting commerce.

47. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

48. Defendants failed to pay Plaintiff at the applicable minimum hourly rate in violation of 29 U.S.C. § 206(a).

49. Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

50. Plaintiff has been damaged in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
**Violation of the Overtime Provisions of the FLSA**

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

52. Defendants failed to pay Plaintiff overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

53. Defendants' failure to pay Plaintiff's overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

54. Plaintiff has been damaged in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION
**Violation of the New York Minimum Wage Act and the NYLL**

55. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

56. At all relevant times, Defendants were Plaintiff's employer within the meaning of the NYLL §§ 2 and 651.

57. Defendants willfully failed to pay Plaintiff at the applicable minimum hourly rate, in violation of the NYLL for each hour worked.

58. Defendants failed to provide wage notices and accurate wage statements as required by the NYLL.

59. Plaintiff has been damaged in an amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION
**Violation of the Overtime Provisions of the NYLL**

60. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

61. Defendants willfully failed to pay Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of the NYLL.

62. Plaintiff has been damaged in an amount to be determined at trial.

### AS AND FOR A FIFTH CAUSE OF ACTION
**Spread of Hours**

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

64. Defendants failed to pay Plaintiff one additional hour pay at the basic minimum wage rate for each day Plaintiff's spread of hours exceeded ten in violation of NYLL §§ 190 et seq. and §§ 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, §§ 142-2.4 and the previous 137-1.7 and 137-3.11.

65. Plaintiff has been damaged in an amount to be determined at trial.

### AS AND FOR A SIXTH CAUSE OF ACTION
**Violation of the FLSA: Tips and Service Charges**

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

67. Plaintiff has not been allowed to keep all of her earned gratuities and service charges and such gratuities and service charges have been misdirected to non-service workers and management in violation of FLSA, 29 U.S.C. § 203 (m).

### AS AND FOR A SEVENTH CAUSE OF ACTION
**Violation of the NYLL § 196(d): Tips and Service Charges**

68. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

69. Plaintiff has not been allowed to keep all of her earned gratuities and service charges and such gratuities and service charges have been misdirected to non-service workers and management in violation of NYLL §§ 190 et seq.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
**Pregnancy Discrimination in Violation of the NYSHRL**

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

71. Defendants unlawfully fired Plaintiff in December of 2016 due to her pregnancy.

72. Plaintiff has been damaged in an amount to be determined at trial.

### AS AND FOR A NINTH CAUSE OF ACTION
**Pregnancy Discrimination in Violation of the NYCHRL**

73. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

74. Defendants unlawfully fired Plaintiff in December of 2016 due to her pregnancy.

75. Plaintiff has been damaged in an amount to be determined at trial.

### AS AND FOR A TENTH CAUSE OF ACTION
**Violation of the NYLL Notice and Recordkeeping**

76. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

77. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

78. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### Violation of the NYLL Wage Statement Provisions

79. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

80. Defendants did not provide Plaintiff with a statement of wages with each payment of wages, as required by NYLL 195(3).

81. Defendants are liable to Plaintiff Guerra in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. Awarding Plaintiff damages for the amount of unpaid wages, misdirected tips, minimum wages, overtime premiums, unlawful deductions and spread of hours pay under the FLSA and/or NYLL;

b. Awarding Plaintiff liquidated damages in an amount equal to the minimum wage and overtime compensation owed pursuant to 29 U.S.C. § 216(b) and equal to all violations pursuant to the NYLL;

c. Declaring the Defendants' conduct complained of herein to be in willful violation of the Plaintiff's rights as secured by the FLSA and the NYLL;

d. Directing the Defendants to compensate Plaintiff for all hours worked at the minimum wage;

e. Directing the Defendants to pay overtime premium pay to Plaintiff;

f. Directing the Defendants to pay "spread of hours" pay;

g. Directing the Defendants to pay the amount of the gratuities and service charges misappropriated to management;

      h.      Directing the Defendants to compensate Plaintiff for all unlawful deductions;

      i.      Awarding Plaintiff damages for Defendants' violations of the NYLL notice and recordkeeping provisions, pursuant to NYLL§§198(1-b), 198(1-d);

      j.      Awarding plaintiffs compensatory damages under the NYSHRL and the NYCHRL;

      k.      Awarding Plaintiff punitive damages under the NYCHRL;

      l.      Awarding Plaintiff pre-judgment and post-judgment interest as permitted under the law;

      m.      Awarding Plaintiff the costs of this action together with reasonable attorney's fees; and,

      n.      Granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: Jericho, New York
       January 24, 2018

               Respectfully submitted,

               LIPMAN & PLESUR, LLP

               By:   /s/ David A. Robins

                  David A. Robins
                  robins@lipmanplesur.com
                  Robert D. Lipman
                  lipman@lipmanplesur.com
                  500 North Broadway, Suite 105
                  Jericho, NY  11753-2131
                  Telephone:  (516) 931-0050
                  Facsimile:   (516) 931-0030

                  *Attorneys for Plaintiff*