UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAUDIO NAVARRO ZAVALA,<br><br>        Plaintiff,<br><br>      - against -<br><br>TRECE CORP., 54 EAST ENTERTAINMENT INC., 54 EAST ENTERTAINMENT MGT INC., AESOOK CHOI, and JOEL LIM,<br><br>        Defendants. | **OPINION AND ORDER**<br><br>18 Civ. 1382 (ER) |
| ANA GUERRA,<br><br>        Plaintiff,<br><br>      - against -<br><br>TRECE CORP. and JOEL LIM,<br><br>        Defendants. | 18 Civ. 625 (ER) |

Ramos, D.J.:

  The above-captioned actions concern alleged violations of wage and hour laws by Trece Corp. and its owners. On February 19, 2019, Trece Corp. filed a chapter 11 bankruptcy petition in the United States District Court for the Eastern District of New York. As a result of Trece Corp.'s bankruptcy filing, all judicial proceedings against Trece Corp. were stayed automatically. *See* 11 U.S.C. § 362(a).

  The defendants in both actions now move to extend the stay to all defendants. *See Zavala v. Trece Corp.*, No. 18 Civ. 1382, Doc. 34 (S.D.N.Y. April. 10, 2019); *Guerra v. Trece Corp.*, No. 18 Civ. 625, Doc. 17 (S.D.N.Y. April. 10, 2019). For the reasons explained below, the motions are DENIED.

**I.      BACKGROUND**

On January 24, 2018, Ana Guerra filed suit against Trece Corp.—doing business as "Trece Mexican Cuisine & Tequila Bar"—and Joel Lim.  In her complaint, Guerra alleges myriad violations of the Fair Labor Standards Act (FLSA), New York Labor Law (NYLL), and New York Minimum Wage Act; she alleges that Lim owns Trece Corp.; and she names Trece Corp. and Lim as her former employers, as defined in the FLSA.

Less than one month later, Claudio Navarro Zavala sued Trece Corp.; Lim; 54 East Entertainment Mgt. Inc. (54 East); Aesook Choi; and 54 East Entertainment Inc.[1]  Like Guerra, Zavala's complaint alleges myriad violations of the FLSA and NYLL; alleges that Trece Corp. is owned by Lim and Choi; and names all defendants as his former "joint employers."

On April 10, 2019, the defendants in both actions submitted letters informing the Court that Trece Corp. filed for bankruptcy and, consequently, was subject to an automatic stay of proceedings pursuant to section 362(a) of the Bankruptcy Code.  The non-debtor defendants also asked the Court to stay proceedings against them.

On April 17, 2019, Guerra and Zavala submitted letters opposing any stay of proceedings against the non-debtor defendants, as they believe that the non-debtor defendants have failed to establish entitlement to a stay.

---

[1] On August 15, 2018, Choi and 54 East Entertainment Inc. were dismissed from the *Zavala* action without prejudice.  *See Zavala*, 18 Civ. 1382, Doc. 31.

## II. DISCUSSION

A bankruptcy petition filed under chapter 11 of the United States Bankruptcy Code operates as an automatic stay of "the commencement or continuance . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of" the bankruptcy proceeding. 11 U.S.C. § 362(a)(1). Here, the automatic stay provided by section 362(a) unquestionably applies to Trece Corp., the debtor. The question in this case, therefore, is whether to extend the stay to the remaining non-debtor defendants—i.e., Lim and 54 East.

Generally, "a suit against a co[-]defendant is not automatically stayed by the debtor's bankruptcy filing." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003) (internal quotation marks and alterations omitted). "While an automatic stay can be extended to non-debtor co-defendants, it 'normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate.'" *Franco v. Ideal Mortgage Bankers, Ltd.*, No. 07 Civ. 3956 (JS), 2017 WL 5195223, at *2 (E.D.N.Y. Nov. 9, 2017) (quoting *Queenie*, 321 F.3d at 287). "Examples delineated by the Second Circuit include: (1) a claim to establish an obligation of which the debtor is a guarantor; (2) a claim against the debtor's insurer; and (3) actions where there is such identity between the debtor and third-party defendant that the debtor may be said to be the real party defendant." *Uto v. Job Site Servs., Inc.*, 444 B.R. 222, 224 (E.D.N.Y. 2011) (internal quotation marks and citations omitted). However, where the non-debtor defendant is independently liable to a plaintiff for misconduct—e.g., where the debtor and non-debtors are joint tortfeasors—courts are loath to extend the stay to non-debtors. *See, e.g.*, *Diaz v. Scores Holding Co.*, No. 07 Civ. 8718 (RMB), 2008 WL 7863502, at *3 (S.D.N.Y. May 9, 2008) (declining to stay FLSA action against non-debtor co-defendant where plaintiffs alleged

they were "jointly employed" by debtor and non-debtor and noting that "[c]ourts have declined to extend a bankruptcy stay to co-defendants in similar . . . situations").

Here, the non-debtor defendants proffer two reasons why the Court should stay proceedings against them. Neither is persuasive.

*First*, the defendants claim that Guerra and Zavala's complaints seek damages on account of alleged discrimination and unpaid wages by Trece Corp. *only*, and, "[c]onsequently, the case cannot go forward without Trece's involvement because their books and records are essential to determine whether or not plaintiff[s] [are] entitled to any recovery against Trece." However, the premise of this argument is flawed. Guerra and Zavala do not seek damages only as to Trece Corp. Rather, in both actions, plaintiffs contend they were *jointly employed* by Trece Corp. and others, including Lim and 54 East. Thus, the non-debtor defendants potentially face individual liability under the FLSA, making extension of the automatic stay inappropriate under the circumstances. *See Franco*, 2017 WL 5195223, at *3 (collecting cases). Moreover, the conclusion drawn from the non-debtor defendants' faulty premise is equally erroneous, as it assumes that Guerra and Zavala would be obtaining discovery from Trece Corp. But, as explained by another district court,

> Plaintiff[s] would not; [they] would only be permitted to obtain discovery about [Trece Corp.] if such discovery were in the possession of the [non-debtor defendants]. If it turns out that the [non-debtor defendants] have no discovery documents or information of their own or if they are not in possession of documents belonging to [Trece Corp.], then there would be nothing for them to turn over. Plaintiff[s] could not force individuals to cause [Trece Corp.] to produce discovery or expend funds to do so, because that would potentially be a violation of the bankruptcy stay.

*Rodriguez v. AMGP Rest. Corp.*, No. 17 Civ. 4870 (SJB), 2018 WL 4378164, at *1 (E.D.N.Y. June 5, 2018).

*Second*, the non-debtor defendants contend that the Court should stay judicial proceedings against them because "the corporate defendant and chapter 11 debtor, Trece, is the real party in interest," and "[t]he liability of the individual defendants, if any, only arises if Trece has not properly paid their employees." At this juncture, however, it is too early to ascertain whether Trece is, in fact, the "real party in interest." Both Guerra and Zavala allege that the non-debtor defendants were joint employers with Trece Corp., which, if true, would make all defendants jointly and severally liable under the FLSA, *see Williams v. Epic. Sec. Corp.*, 358 F. Supp. 3d 284, 304–305 (S.D.N.Y. 2019), and it is well settled in this circuit that the FLSA provides for individual liability under some circumstances, *see Irizarry v. Catsimatidis*, 722 F.3d 99, 105–117 (2d Cir. 2013). What's more, that Trece Corp. may be owned by Lim or 54 East is of little consequence in the absence of facts establishing an immediate adverse economic consequence to Trece Corp.'s estate resulting from judicial proceedings against Trece Corp.'s alleged owners. *Cf. Franco*, 2017 5195223, at *3 ("Whether the parties are 'related' is not controlling, particularly in a 'joint employment' case under the FLSA.")

Ultimately, given the dearth of facts establishing an immediate adverse economic consequence to Trece Corp.'s estate if the above-captioned actions were to proceed against the non-debtor defendants, extension of the automatic stay to encompass those defendants is unwarranted. *See Franco*, 2017 WL 5195223, at *2–*3 (declining to extend automatic stay to non-debtor co-defendant in FLSA action where non-debtor did not allege that a judgment against him or other individual defendants would have an immediate adverse economic impact on the debtor's estate and plaintiff alleged that defendants were joint employers); *Diaz*, 2008 WL 7863502, at *3 (same); *Rodriguez*, 2018 WL 4378164, at *2–*3 (E.D.N.Y. June 5, 2018) (same); *Millard v. Developmental Disabilities Inst., Inc.*, 266 B.R. 42, 45 (E.D.N.Y. 2001) (same).

## III. CONCLUSION

For the reasons explained above, the motions to stay proceedings against both debtor and non-debtor defendants are DENIED without prejudice to a renewed application. The above-captioned actions are STAYED as to Trece Corp., pending disposition of bankruptcy proceedings; the actions will proceed against all other defendants. The parties in both actions shall appear for an initial conference on May 22, 2019, at 10:00 a.m.

It is SO ORDERED.

Dated: April 23, 2019
      New York, New York

                                                 Edgardo Ramos, U.S.D.J.