UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANA GUERRA,<br><br>                    Plaintiff,<br><br>          -against-<br><br>TRECE CORP. D/B/A TRECE MEXICAN CUISINE & TEQUILA BAR and JOEL LIM, individually,<br><br>                    Defendants. | Civil Case No.: 18-cv-00625(ER)<br><br>**DEFENDANTS' RULE 56.1 STATEMENT**<br><br>**ECFCASE** |

Pursuant to Civil Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern District of New York, Defendants submit this response to Plaintiff's statement of undisputed facts and counter-statement of undisputed facts, in opposition to Plaintiff's Motion for Summary Judgment and in support of Defendants' cross-motions for summary judgment.

DEFENDANTS' RESPONSES TO GUERRA'S

STATEMENT OF UNDISPUTED FACTS

**The Parties**

1.  Defendant Trece Corp. at Trece Mexican Cuisine & Tequila Bar (Defendant Trece) is a domestic corporation organized and subject to the law of New York. Complaint 9 (Exhibit D), Answer With Affirmative Defenses 9 (Exhibit I) (All Exhibits are attached to the Robins Declaration dated July 22, 2020).

    **Response:** Undisputed

2.  Defendant Lim was the President of Trece Corp. (Exhibit J) and a principle of Defendant Trece (Exhibit K). Declaration of Ana Guerra In Support of Plaintiffs Motion for Summary Judgment ("Plaintiff Declaration") 13. Defendant Lim signed

8

letters as Defendant Trece's President and submitted court documents identifying himself as Defendant Trece's principal. (Exhibits J and K).

**Response:** Disputed that Lim was President of Trece Corp.  Lim was a manager of Trece Corp.  (Robins Dec. Ex. B "Lim Dep. Tr." at 16:12-22)  Lim does not dispute that he signed a single letter that listed his title as Trece's President.  (Robins Dec. Ex. J)  The term principal in this context is too vague as to respond.  Lim was a manager, and was not an owner or officer of Trece.  (Lim Dep. Tr. 16:12-22)

3.  Plaintiff was employed by Defendants as a server and bartender from March 2013 to December 2016. Plaintiff Declaration 1.  Complaint  8 (Exhibit D) Deposition of Joel Lim ("Lim Deposition") at Tr.31 (Exhibit C) and Answer With Affirmative Defenses 8

(Exhibit I).
**Response:** Undisputed

4.  Plaintiff worked approximately 51 hours per week from October 2013 until the end of December 2015. During this time, she worked the dinner shift five days per week. Plaintiff Declaration ,¶15.

**Response:** Disputed. Guerra's weekly total hours never exceeded 40 hours in any week during this time period.  Her number of shifts ranged from two to five per week, and the length of the shifts were 7 to 8 hours.  (Robins Dec. Ex E, F, L; Lim Dec. ¶¶12-13)

5.  The dinner shift began at 4:00 p.m. and lasted to 2:15 a.m., over 10 hours. Plaintiff Declaration ,¶16

**Response:** Disputed.  The dinner shift began at 4:00 p.m. and ended at 11:00 p.m. on weeknights and 12:00 a.m. on weekend nights.  (Lim Dec. ¶13)

6. From about January 2016 to about December 2016 Plaintiff worked 3 days per week from 4:00 p.m. to 2:15 a.m. Plaintiff Declaration ¶**17**.

   **Response:** Disputed.  From January 2016 until December 2016 Guerra typically two or three shifts per week, and worked from 4:00 p.m. to 11:00 p.m. or 12:00 a.m.  (Robins Dec. Ex. E, F, L; Lim Dec. ¶13)

**Defendants Failed To Provide Required Wage Notices and Wage Statements**

7. Defendants have no wage notices or wage statements. Defendant's [sic] Reply to Plaintiffs First Request for Production of Documents to Defendant Lim ("Defendants' Reply to Request for Production of Documents") Request No. 36 (Exhibit A).

   **Response:** Undisputed

8. Plaintiff was paid in cash. She never received a wage notice, wage statement or pay stub.

   Plaintiff Declaration ,¶¶ 9, 10, 21.

   **Response:** Undisputed

9. Defendants have no wage statements or notices regarding tip credit or meal allowances.

   Defendants' Reply to Request for Production of Documents Request Nos 36, 42, 43 and 44 (Exhibit A).

   **Response:** Undisputed

10. Defendant Lim was responsible for maintaining required wage hour records. Defendant's [sic] Reply to First Set of Interrogatories to Defendant Lim ("Defendants' Reply to Interrogatories") Interrogatory No. 10 (Exhibit B).

   **Response:** Disputed.  Trece's other managers, Manuel and Jose Ortefa, maintained wage records.  (Lim Dep. Tr. 27:2-14; Lim Dec. ¶10)

11. Defendant Lim knew what a wage notice was. Lim Deposition at Tr.31 (Exhibit C). **Response:** Undisputed

8

12. Defendant Lim did not know whether Plaintiff was given a wage notice or pay stubs. Lim Deposition at Tr.31 (Exhibit C).

    **Response:** Undisputed

13. Defendants produced no wage notices or wage statements for Plaintiff. Defendants' Reply to Request for Production of Documents Request No. 36 (Exhibit A).

    **Response:** Undisputed

14. Defendant Lim was the "only" person responsible for calculating the time Plaintiff worked, issuing and authorizing weekly paychecks, maintaining payroll records, and determining Plaintiffs compensation, including the regular rate of pay, overtime rate of pay, bonuses, benefits and pay raises. Defendants' Reply to Interrogatories Interrogatory Nos. 6 and 7 (Exhibit B).

    **Response:** Disputed. Lim did not calculate the time Guerra worked, maintain payroll records, or determine Guerra's compensation. That was done by the managers Manuel and Jose Ortega. (Lim Dep. Tr. 27:25-28:23, 29:13-17; Lim Dec. ¶10)

15. Defendants have no documents related to notices or records that the Fair Labor Standards Act, New York Labor Law or related rules and regulations require to be maintained concerning Plaintiff as an employee. Defendants' Reply to Request for Production of Documents Request No. 36 (Exhibit A).

    **Response**: Disputed. Defendants have produced such records. (See, e.g. Robins Dec. Exs. E-G, L)

16. Defendants have no documents concerning any deductions they made from Plaintiffs

wages for meals. Defendants' Reply to Request for Production of Documents Request No. 42 (Exhibit A).

**Response:** Disputed.   Defendants have produced such records.   (See, e.g. Robins Dec. Exs. E-G, L)

17. Defendants have no documents concerning tips or other similar payments Plaintiff received. Defendants' Reply to Request for Production of Documents Request No. 43 (Exhibit A).

**Response:** Undisputed.

18. Defendants have no documents concerning any deductions any of them made from Plaintiffs wages for any reason. Defendants' Reply to Request for Production of Documents Request No. 44 (Exhibit A).

Response: Undisputed.

19. Defendants have no documents concerning posting required notices to employees.

Defendants' Reply to Request for Production of Documents Request No. 45 (Exhibit A).

**Response:** Undisputed.

20. Defendants have no documents concerning policies or practices regarding providing meal/rest breaks or deductions made in Plaintiffs wages for meal/rest breaks.

Defendants' Reply to Request for Production of Documents Request No. 37, 38 (Exhibit A).

**Response:** Undisputed.

**Defendants Paid Plaintiff Based On a Shift Rate, Not an Hourly Rate**

8

21. Plaintiff was paid on a "shift" basis whereby she received set compensation for each shift she completed. Plaintiff Declaration ,¶¶ 4-7, Defendants' payroll records and calculations (Exhibits E and F).

Response: Undisputed.

22. Defendants own calculations indicate that she was paid by the "shift." Defendants' payroll records and calculations (Exhibits E and F).

Response: Undisputed.

23. Defendants paid Plaintiff the same rate regardless of how many hours she worked. Plaintiff Declaration ,¶8, Defendants' payroll records and calculations (Exhibits E and F).

Response: Undisputed.

**Defendants Failed To Pay Plaintiff Required Minimum and Overtime Wages**

24. Throughout her employment, Plaintiff was never paid hourly and never received overtime premium pay. Plaintiff Declaration ¶ 20.

Response: Undisputed.

25. The rate at which Defendants paid Plaintiff resulted in Defendant paying Plaintiff far below the minimum wage. Defendants' payroll records and calculations (Exhibits E and F).

Response: Undisputed that Defendants paid Plaintiff below the minimum wage. Defendants object to the ambiguous phrase "far below the minimum wage."

26. Defendants did not vary Plaintiffs rate of pay when she worked over 40 hours in a workweek. Plaintiff Declaration ¶ 8, Defendants' payroll records and calculations (Exhibits E and F).

8

**Response:** Undisputed that Defendants did not vary Plaintiff's rate of pay in the only week she worked more than 40 hours, April 29 to May 5, 2013.  Defendants dispute that Guerra worked more than 40 hours in any other week. (Robins Dec. Ex. F; Lim Dec. ¶ 13)

27. Defendants failed to pay wages to Plaintiff. Plaintiff Declaration ¶¶ 22,23, Payroll record, (Exhibit G).

    **Response:** Disputed.  Defendants paid Guerra for every week she worked.  (Lim. Dec. ¶15)   The document cited by Guerra indicated she was paid $200 from cash sales. (Robins Dec. Ex. G)

28. During her employment, Plaintiff was forced to share her tips with management. Plaintiff Declaration ,¶19.

    **Response**: Undisputed

**Defendants Were Not Eligible For Tip Credit**

29. Defendants failed to pay plaintiff on an hourly basis. Plaintiff Declaration ,¶5; Defendants' payroll records and calculations (Exhibits E and F).

    **Response**: Undisputed

30. Defendants stated that there "are no" documents relating to notices required to be maintained concerning Plaintiff under the New York Labor Law or its rules and regulations. Defendants' Reply to Request for Production of Documents Request No 36 (Exhibit A).

    **Response**: Undisputed

31. Plaintiff never received notice that tip credit would be taken against her wages. Plaintiff Declaration ,-¶11.

**Response**: Undisputed

32. Defendant stated that there "are no" documents relating to tips. Defendants' Reply to Request for Production of Documents Request No 43 (Exhibit A).

**Response**: Undisputed

33. Plaintiff was forced to share her tips with management. Plaintiff Declaration **,-¶** 19.
**Response:** Disputed.  Guerra was not required to share any tips with management.  (Lim Dec. ¶14)

**Defendants Did Not Provide "Spread of Hours" Pay**

34. Plaintiff frequently  worked  more than 10 hours in a workday,  but never  received "spread  of hours" pay. Plaintiff Declaration **,¶18.**

**Response:** Disputed. Guerra's schedule did not require her to ever work more than 10 hours in a workday.  (Lim Dec. ¶¶12, 13)

35. Defendant Lim was the only individual with responsibility for determining Plaintiffs compensation, calculating the time Plaintiff worked, issuing and authorizing weekly paychecks and maintaining payroll records. Defendants' Reply to Interrogatories Interrogatory Nos. 6 and 7 (Exhibit B).

**Response:** Disputed.  Lim did not calculate the time Guerra worked, maintain payroll records, or determine Guerra's compensation.  That was done by the managers Manuel and Jose Ortega.  (Lim Dep. Tr. 27:25-28:23, 29:13-17; Lim Dec. ¶10)

36. Defendant Lim did not know what a spread of hours payment was. Lim Deposition at Tr.

33-34 (Exhibit C).

**Response:** Undisputed

37. Defendant Lim did not know if Plaintiff ever received spread of hours pay. Lim

Deposition at Tr. 33 (Exhibit C).

**Response:** Undisputed

38. Defendants have no documents related to payment of "spread of hours" pay.

Defendants' Reply to Request for Production of Documents Request No. 36 and 75

(Exhibit A).

**Response:** Undisputed

**39.** On November 28, 2018 the New York State Department of Labor Division of Labor

Standards sent Mr. Lim its findings of a completed investigation finding that

Defendants were in violation of New York State Labor Law, including spread of

hours requirements. (Exhibit **H).**

**Response:** Undisputed

## Defendant Lim Is Also An Employer

**40.** Defendant Lim had decision-making authority over Plaintiffs employment. Plaintiff

Declaration ¶¶ 4, 13 and 14; Defendants' Reply to Interrogatories Interrogatory No. 5

(Exhibit **B).**

**Response:** Disputed.    Lim did not have decision-making authority over Guerra's

employment.    (Lim Dep. Tr 24:13-29:17; Lim Dec. ¶¶4-12)

8

41. Defendant Lim responsibilities were the operation of the business. Plaintiff Declaration ¶ 14, Lim Deposition Tr. 23 (Exhibit C).

Response: Partially disputed.  Lim's responsibilities were managing the operation of the business regarding matters like purchasing items and paying bills.  (Lim Dep. Tr. 23:18-24:17; Lim Dec. ¶3)

42. Defendant Lim hired employees. Plaintiff Declaration ,-¶¶ 4, 13; Lim Deposition Tr. 19 (Exhibit C).

Response: Disputed.  Lim only hired a manager, Jose Ortega.  (Lim Dep. Tr. 24:13-25:12; Lim Dec. ¶¶4-5)

43. Defendant Lim purchased supplies for the restaurant. Lim Deposition Tr. 24 (Exhibit C).
Response: Undisputed

44. Defendant Lim paid Defendants' bills. Lim Deposition Tr. 24 (Exhibit C).
Response: Undisputed

45. Defendant Lim had the power to fire employees. Plaintiff Declaration ,¶13; Lim Deposition Tr. 25-26 (Exhibit C).

Response: Disputed.  Lim never fired any employees.  He testified that he "probably" had the power to fire employees but never did.  (Lim Dep. Tr. 25:12-26:3)

46. Defendant Lim set work schedules. Plaintiff Declaration ,-¶13; Lim Deposition Tr. 37-38. (Exhibit C).

Response: Disputed.  The other managers, Manuel and Jose Ortega, and not Lim, set the work scheduled.  (Lim Dep. Tr. 38:6-22; Lim Dec. ¶8)

47. Defendant Lim was the only person responsible for calculating the time the Plaintiff worked, issuing and authorizing weekly paychecks, and maintaining payroll records.

8

Defendants' Reply to Interrogatories Interrogatory No. 6 (Exhibit B).

**Response:** Disputed.  Lim did not calculate the time Guerra worked, maintain payroll records, or determine Guerra's compensation.  That was done by the managers Manuel and Jose Ortega.  (Lim Dep. Tr. 27:25-28:23, 29:13-17; Lim Dec. ¶10)

48. Defendant Lim was the only personal responsible for determining Plaintiff's compensation. Defendants' Reply to Interrogatories Interrogatory Nos. 7 (Exhibit B).

**Response:** Disputed.   The managers Manuel and Jose Ortega, and not Lim, determined Guerra's pay rate and calculated her pay.  (Lim Dep. Tr. 27:25-28:23, 29:13-17; Lim Dec. ¶10)

49. Defendant Lim paid employees by cash and check and he signed the paychecks. Plaintiff Declaration ,¶13; Lim Deposition Tr. 27 (Exhibit C).

**Response:** Undisputed.

50. Defendant Lim determined employees' rate of pay. Plaintiff Declaration **,-i** 13; Lim Deposition Tr. 28-29 (Exhibit C).

**Response:** Disputed.   The managers Manuel and Jose Ortega, and not Lim, determined Guerra's pay rate and calculated her pay.  (Lim Dep. Tr. 27:25-28:23, 29:13-17; Lim Dec. ¶10)

51. Defendant Lim contributed to the restaurant when cash was short. Payroll record (Exhibit J).

**Response:** Disputed.  The exhibit cited by Plaintiff does not relate to the statement made by Plaintiff.

52. On November 28, 2018 the New York State Department of Labor Division of Labor Standards sent Mr. Lim its findings of a completed investigation which stated that "the findings of the investigation also identify [Defendant Lim] as the employer and the party legally responsible for the payment of employees for the examined period from 6/14/2015 to 6/14/2018. Your status with the company does not absolve you of your responsibility to pay wages for the period during which you actively employed the workers in question." (Exhibit **H).**

**Response**: Undipsuted

## Defendants Unlawfully Discharged Plaintiff Because She Was Pregnant

53. In December 2016 Plaintiff told Defendants she was pregnant by informing her manager, Jose Ortega. Plaintiff Declaration ,¶24.

**Response:** Disputed.   Guerra did not tell "Defendants" she was pregnant by informing her manager Jose Ortega.  She claims she told Ortega.  She did not tell Lim.  (Lim Dec. ¶16; Lim Dep. Dt. 46:24-47:23)  Whether she told Trece Corp. by telling Jose Ortega is a legal, not factual questions.

54. Plaintiff did not request any time off or accommodation because of her pregnancy. Plaintiff Declaration ,¶ 25.

**Response:** Undisputed

55. After she told her manager that she was pregnant, she was fired. Plaintiff Declaration **,-i**

26.
**Response:** Disputed.  Guerra was not fired.  (Lim Dec. ¶15; Lim Dep Tr. 49:2-50:14)

56. After Plaintiff was fired, Mr. Ortega sent her a text message  confirming that she was no longer permitted to work because of her pregnancy. Plaintiff Declaration ,¶27, Text

8

(Exhibit M).

**Response:** Disputed.  (Lim Dep. Tr. 50:15-52:8)  The referenced text message should not be considered because, as set forth in Defendants' memorandum of law, it is not authenticated by a person with knowledge of its contents, bears no reliable indicia identifying the parties, is inadmissible hearsay, is not authenticated, and is in a foreign language without a certified translation provided.

57. The text message said that he was worried about Plaintiff working in her situation and didn't want anything bad to happen to her. Plaintiff Declaration ¶25; Text (Exhibit M).

**Response:** Disputed. The referenced text message should not be considered because, as set forth in Defendants' memorandum of law, it is not authenticated by a person with knowledge of its contents, bears no reliable indicia identifying the parties, is inadmissible hearsay, is not authenticated, and is in a foreign language without a certified translation provided.

58. Defendant confirmed that she was discharged because of her "condition at the time". Lim Deposition Tr. 50 (Exhibit C).

**Response:** Disputed. Lim testified that he was not involved in or have knowledge of Guerra's alleged termination, and heard afterwards that manager Jose Ortega  "was asking her because of her condition at the time, I don't know what had happened, it was not so good, so he was just asked to take a rest, not firing.  (Lim Dep. Tr. 50:21-25)

59. Plaintiff was given no other reason for her discharge. Plaintiff Declaration ,¶28.

**Response:** Disputed that Guerra was discharged.  Guerra was not fired.  (Lim Dec.

¶15; Lim Dep Tr. 49:2-50:25)

60. Defendants never criticized Plaintiffs work performance and felt she was a good waitress.Plaintiff Declaration ,¶28; Lim Deposition Tr. 46 (Exhibit C).

**Response: Undisputed**

DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

Trece Corp.'s Bankruptcy Discharge

1.      Trece Corp. filed for bankruptcy protection on February 19, 2019.  (Morrison Dec. ¶2, Ex. A)

2.      This Court was advised of the bankruptcy filing on April 10, 2019. Guerra's attorney received notification of the filing.  (Morrison Dec. ¶3, Ex. B)

3.      Guerra received notice of the bankruptcy filing, both through the filings in this action and directly through service of bankruptcy filings upon her attorneys.  (*See, e.g.*, Morrison Dec. Ex. C)

4.      On November 4, 2019, the bankruptcy court confirmed Trece Corp.'s bankruptcy plan.  (Morrison Dec. Ex. E)

5.      The confirmation order provided that "pursuant to Section 1141(d)(1) of the Bankruptcy Code, subject to the terms of the Plan, the Debtors are discharged from any debt to the fullest extent provided in such section." (Morrison Dec. Ex. E at 6)

6.      Guerra received notice of the confirmation order.  (*Id.* at 10)

7.      The confirmed bankruptcy plan provides "On the confirmation date of this Plan, the debtors will be discharged from any debt that arose before confirmation of this Plan . . ." (Morrison Dec. Ex. D)

<u>Joel Lim Was Not Guerra's Employer and Had No Involved in Her Alleged Termination</u>

8.    Joel Lim did not interview and hire Guerra to her position at Trece.  (Robins Dec. Ex. C 24:23-25:11; Lim Dec. ¶¶4-6)

9.    Guerra's pay would be calculated by another manager, Jose Ortega, and Lim would pay Guerra in accordance with that calculation.  (Robins Dec. Ex. C 27:16-29:2; Lim Dec. ¶10)

10.    Lim did not fire Trece employees.  Other managers Manuel and Jose Ortega would fire employees without first notifying Lim.  (Robins Dec. Ex. C 25:23-26:3; Lim Dec. ¶7)

11.    Guerra's work was supervised and controlled by her manager, Jose Ortega, and not by Lim.  (Robins Dec. Ex. C 30:3-31:4; Lim Dec. ¶11)

12.    Guerra testified in her declaration in support of her motion for summary judgment that her alleged termination was carried out completed by Jose Ortega.  Guerra does not claim that Lim had any role in approving, authorizing, condoning, or endorsing her termination.  (Guerra Dec. ¶¶ 24-28)

13.    Guerra does not claim that Lim had any knowledge of her pregnancy at the time of her alleged termination.  (Guerra Dec. ¶¶24-28)

14.    Lim testified unrebutted that he did not have knowledge of Guerra's pregnancy before her alleged termination, or until this lawsuit was filed.  (Lim Dep. 46:24-47:15; Lim Dec. ¶16)

15.    Guerra does not claim in her declaration that Lim had any knowledge of her alleged termination before or when it took place.  (Guerra Dec. ¶¶24-28)

16.    Lim testified unrebutted that he did not know that Guerra alleges she was terminated before this lawsuit was filed.  (Lim Dep. at 49:2-50:14)

17.    Guerra does not claim in her declaration that she communicated with Lim about her alleged termination.  (Guerra Dec. ¶¶24-28)

18.     Lim testified unrebutted that he did not communicate with Guerra about her alleged

termination.  (Lim Dep. 51:19-22)



Dated: New York, New York

August 25, 2020                                      **MORRISON TENENBAUM PLLC**


By: /s/ Joshua S. Androphy
        Lawrence F. Morrison
        Joshua S. Androphy
        87 Walker Street, Floor 2
        New York, NY  10013
        T. (212) 620-0938
        F. (646) 390-5095
        Attorneys for Defendants