UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANA GUERRA, | Civil Case No.: 18-cv-00635(ER) |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS** |
| -against- | |
| TRECE CORP. D/B/A TRECE MEXICAN CUISINE & TEQUILA BAR and JOEL LIM, individually, | **ECF CASE** |
| Defendants. | |

Pursuant to Civil Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern District of New York, Plaintiff submits this reply to Defendants' Statement of Undisputed Facts.

Trece Corp.'s Bankruptcy Discharge

1. Trece Corp. filed for bankruptcy protection on February 19, 2019. (Morrison Dec. ¶2, Ex. A)

RESPONSE:  Undisputed.

2. This Court was advised of the bankruptcy filing on April 10, 2019. Guerra's attorney received notification of the filing. (Morrison Dec. ¶3, Ex. B)

RESPONSE:  Undisputed.

3. Guerra received notice of the bankruptcy filing, both through the filings in this action and directly through service of bankruptcy filings upon her attorneys. (See, e.g., Morrison Dec. Ex.C)

RESPONSE:  Undisputed.

4. On November 4, 2019, the bankruptcy court confirmed Trece Corp.'s bankruptcy plan. (Morrison Dec. Ex. E)

RESPONSE:  Undisputed.

1

5. The confirmation order provided that "pursuant to Section 1141(d)(1) of the Bankruptcy Code, subject to the terms of the Plan, the Debtors are discharged from any debt to the fullest extent provided in such section." (Morrison Dec. Ex. E at 6)

RESPONSE:  Undisputed.

6. Guerra received notice of the confirmation order. (Id. at 10)

RESPONSE:  Undisputed.

7. The confirmed bankruptcy plan provides "On the confirmation date of this Plan, the debtors will be discharged from any debt that arose before confirmation of this Plan . . ." (Morrison Dec. Ex. D)

RESPONSE:  Undisputed.

Joel Lim Was Not Guerra's Employer and Had No Involved in Her Alleged Termination

8. Joel Lim did not interview and hire Guerra to her position at Trece. (Robins Dec. Ex. C 24:23-25:11; Lim Dec. ¶¶4-6)

RESPONSE:  Disputed.  Guerra was hired by Defendant Lim and told that her pay rate was $25 per shift.  Declaration of Ana Guerra in Support of Plaintiff's Motion for Summary Judgment ("Guerra Declaration") ¶ 4.

9. Guerra's pay would be calculated by another manager, Jose Ortega, and Lim would pay Guerra in accordance with that calculation. (Robins Dec. Ex. C 27:16-29:2; Lim Dec. ¶10)

RESPONSE:  Disputed.  Only Joel Lim was responsible for calculating the time the Plaintiff worked, issuing and authorizing weekly paychecks, maintaining payroll records and determining Plaintiff's compensation.  Declaration of David A. Robins in Support of Plaintiff's Motion for Summary Judgment ("Robins Declaration"), Exhibit B ¶¶ 6, 7.

10. Lim did not fire Trece employees. Other managers Manuel and Jose Ortega would

fire employees without first notifying Lim. (Robins Dec. Ex. C 25:23-26:3; Lim Dec. ¶7)

RESPONSE: Disputed. Lim had the authority to fire employees. Robins Declaration, Exhibit C at 26:2, Robins Declaration Exhibit B, ¶5).

11. Guerra's work was supervised and controlled by her manager, Jose Ortega, and not by Lim. (Robins Dec. Ex. C 30:3-31:4; Lim Dec. ¶11)

RESPONSE: Disputed. Mr. Lim hired Plaintiff, had decision-making authority over Plaintiff, oversaw the entire operation, set schedules and was responsible for determining Plaintiff's compensation. He also had the power to fire employees. Guerra Declaration ¶ ¶ 4, 14, Robins Declaration Exhibit B ¶¶ 5, 6 and 7; Lim Deposition at Tr. 20, 23, 26 and 38, Robins Declaration Exhibit C.

12. Guerra testified in her declaration in support of her motion for summary judgment that her alleged termination was carried out completed by Jose Ortega. Guerra does not claim that Lim had any role in approving, authorizing, condoning, or endorsing her termination. (Guerra Dec. ¶¶ 24-28)

RESPONSE: Disputed. Prior to her being told not to return to work, Jose Ortega told Plaintiff that he discussed Plaintiff's pregnancy with Defendant Lim. Supplemental Declaration of Ana Guerra In Support of Plaintiff's Motion for Summary Judgment and in Opposition to Defendants' Cross-Motion for Summary Judgment ("Plaintiff's Supplemental Declaration") at ¶ 4. Also, the day before Plaintiff was told not to return to work, Defendant Lim asked Plaintiff if she was pregnant and she told him she was. Plaintiff's Supplemental Declaration at ¶¶ 5, 6.

13. Guerra does not claim that Lim had any knowledge of her pregnancy at the time of her alleged termination. (Guerra Dec. ¶¶24-28)

3

RESPONSE:  Disputed.  Prior to her being told not to return to work, Jose Ortega told Plaintiff that he discussed her pregnancy with Defendant Lim.  Plaintiff's Supplemental Declaration at ¶ 4.  Also, the day before Plaintiff was told not to return to work, Defendant Lim asked Plaintiff if she was pregnant and she told him that she was pregnant.  Plaintiff's Supplemental Declaration at ¶¶ 5, 6.

14. Lim testified unrebutted that he did not have knowledge of Guerra's pregnancy before her alleged termination, or until this lawsuit was filed. (Lim Dep. 46:24-47:15; Lim Dec. ¶16)

RESPONSE:  Disputed.  Prior to her being told not to return to work, Plaintiff was told by Jose Ortega that he discussed her pregnancy with Defendant Lim.  Plaintiff's Supplemental Declaration at ¶ 4.  Also, the day before Plaintiff was told not to return to work, Defendant Lim asked Plaintiff if she was pregnant and she told him she was.  Plaintiff's Supplemental Declaration at ¶¶ 5,6.

15. Guerra does not claim in her declaration that Lim had any knowledge of her alleged termination before or when it took place. (Guerra Dec. ¶¶24-28)

RESPONSE:  Disputed.  Jose Ortega told Plaintiff that he discussed her pregnancy with Defendant Lim and Plaintiff was terminated the day after she confirmed to Defendant Lim that she was pregnant.  Plaintiff's Supplemental Declaration at ¶¶ 4-8.

16. Lim testified unrebutted that he did not know that Guerra alleges she was terminated before this lawsuit was filed. (Lim Dep. at 49:2-50:14)

RESPONSE:  Disputed.  Jose Ortega told Plaintiff that he discussed her pregnancy with Defendant Lim and Plaintiff was terminated the day after she confirmed to Defendant Lim that she was pregnant.  Plaintiff's Supplemental Declaration at ¶¶ 4-8

17. Guerra does not claim in her declaration that she communicated with Lim about her alleged termination. (Guerra Dec. ¶¶24-28)

RESPONSE:  Disputed.  The day before Plaintiff was terminated Defendant Lim asked her if she was pregnant and told her that it wouldn't be a problem "right now".  Plaintiff's Supplemental Declaration ¶¶ 5-8.

18. Lim testified unrebutted that he did not communicate with Guerra about her alleged termination. (Lim Dep. 51:19-22)

RESPONSE:  Disputed. The day before Plaintiff was terminated Defendant Lim asked her if she was pregnant and told her that it wouldn't be a problem "right now."  Plaintiff's Supplemental Declaration ¶¶ 5-8.

Dated:  Jericho, New York
       September 14, 2020

                        **LIPMAN & PLESUR, LLP**

                        /s/   David A. Robbins
                        David A. Robins
                        500 North Broadway, Suite 105
                        Jericho, NY  11753
                        Telephone:  (516) 931-0050
                        Facsimile:   (516) 931-0030