UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANA GUERRA,

               Plaintiff,

–against–

TRECE CORP., d/b/a TRECE MEXICAN CUISINE AND TEQUILA BAR, and JOEL LIM,

               Defendants.

**ORDER**

18 Civ. 625 (ER)

RAMOS, D.J.:

    Ana Guerra brought this action on January 24, 2018 against Trece Corp. and Joel Lim, alleging violations of the Fair Labor Standards Act ("FLSA"), and various provisions of New York Labor Law ("NYLL").[1] *See* Compl., Doc. 1. Guerra alleged that Defendants failed to pay her minimum wage, overtime and spread-of-hours wages, misappropriated tips, and failed to provide wage her with required wage notices and wage statements. On November 30, 2020, the Court granted in part and denied in part the parties' cross-motions for summary judgment. Doc. 64. Before the Court is the parties' motion for settlement approval. Doc. 71. For the foregoing reasons, the motion for settlement approval is GRANTED.

**I.    LEGAL STANDARD**

    In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including but not

---

[1] 29 U.S.C. §§ 201 *et seq.*, NYLL §§ 650 *et seq.*, and §§ 190 *et seq.*

limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). Courts may reject a proposed FLSA settlement where the parties do not provide the basis for the recovery figure or documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

## II. DISCUSSION

### A. Range of Recovery

The proposed settlement agreement provides for a recovery of $25,000, plus $833.53 in costs. Doc. 71 at 2–3. Guerra estimates that her range of recovery was about $35-45,000. *Id.* at 2. In support, the parties have attached timesheets reflecting her hours worked and amount paid per shift during those periods, which show she was paid below minimum wage throughout her time at Trece. *See* Doc. 71-2. As discussed in detail in the Court's summary judgment opinion, however, there are numerous questions of fact related to her potential recovery, such as the typical length of her shift and whether she was forced to share tips. Doc. 64 at 24–30. In light of these uncertainties and the litigation risk they cause, and in light the fact that Guerra may only recover from Lim, the individual defendant, due to Trece's bankruptcy, the Court finds that the proposed settlement amount is reasonable. *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that the settlement amount was a "reasonable compromise of disputed issues") (citation omitted).

### B.     Attorney's Fees

The Court finds the proposed attorneys' fees to be reasonable. Guerra's attorneys would receive $8,333.33, or one-third of the settlement, plus $833.53 in costs. Doc. 71 at 3. This is a reasonable percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted). Nonetheless, "even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Guerra's counsel has submitted billing records, showing rates of $450 per hour for partners. Doc. 71-3. Although the attorneys' rates "are on the high end of what is typical in FLSA cases," *Lopez v. Ploy Dee, Inc.*, No. 15 Civ. 647 (AJN), 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016), they are within the range of reasonable rates for similarly experienced attorneys, *see Rodriguez v. 3551 Realty Co.*, No. 17 Civ. 6553, 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017) (while hourly rates of $450 for partners "are somewhat higher than the presumptively reasonable rates in this District, they are not beyond the pale"). Counsel indicates that, based on these hourly rates, the lodestar in this case would amount to over $71,000. Doc. 71 at 3. Based on this lodestar, the $8,333.33 in fees sought would yield a multiplier of approximately .12, which is certainly reasonable. *See Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (noting that multipliers of up to two are generally reasonable).

### C. Release Provision

The settlement agreement includes a release provision that is broader than what is typically approved in this District. *See* Doc. 71-1 at 3. Under the provision, both parties would be barred from asserting "any and all known claims, and liabilities of any kind . . . for any reason whatsoever" as of the agreement's effective date. *Id.* at 3. Some courts in this District have refused to approve settlement agreements containing such overbroad releases. *See Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (finding a similar release provision to be overbroad, and citing cases); *see also Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d at 181 (courts typically reject releases that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues"). However, courts have sometimes found such releases fair and reasonable when the conditions are mutual, and when they do not bind any absent class members. *See Weng v. T & W Rest., Inc.*, 15 Civ. 8167 (PAE) (BCM), 2016 WL 3566849, at *5 (S.D.N.Y. June 22, 2016).

While the Court ordinarily would not approve such a broad release, several factors counsel in favor of finding the settlement fair and reasonable here. First, it is mutual, binding only individual plaintiff Guerra and individual defendant Lim, and it does not impact the ability of any similarly situated individuals to bring similar claims. *See Weng*, 2016 WL 3566849, at *5. Second, Lim is no longer Guerra's employer and has not been her employer since before this case was filed, thus reducing the risk that additional claims would arise. *See Souza v. 65 St. Marks Bistro*, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015) ("A general release of the kind proposed in this case, with former employees who have no ongoing

4

relationship with the employer, makes sense in order to bring complete closure."). [2] Third, the purpose of the Court's review is to ensure that the agreement is "a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Garcia*, 2018 WL 3359171, at *2 (citation omitted). The procedural history of this case assures the Court that this is indeed a genuine compromise: This settlement has resulted from multiple mediation sessions, as well as vigorously contested summary judgment cross-motions, and each party has reasonably concluded that there are litigation risks. Thus, the Court finds the release to be reasonable in light of the particular facts and circumstances of this case.

The Court, however, finds all other provisions of the settlement to be fair and reasonable, as it includes no objectionable non-disparagement or confidentiality provisions. *See Doe v. Solera Capital LLC*, No. 18 Civ. 1769 (ER), 2021 WL 568806, at *2–3 (S.D.N.Y. Jan. 20, 2021).

### III.    CONCLUSION

The Court finds that the proposed settlement agreement is fair and reasonable, and approves the agreement. The Court hereby dismisses the case with prejudice. The Clerk of Court is respectfully directed to terminate the motion, Doc. 71, and close the case.

It is SO ORDERED.

Dated:   May 11, 2021
         New York, New York

                                                              _____
                                                              EDGARDO RAMOS, U.S.D.J.

---

[2] In its summary judgment opinion, the Court dismissed without prejudice Guerra's pregnancy discrimination claim. *See* Doc. 64 at 17. This release likely impacts Guerra's ability to bring a state court action regarding this claim. However, the Court is assured that this issue has been considered by the parties, as Plaintiff's counsel has written that the release is "tailored in consideration of the non-wage claims also asserted in this matter," *see* Doc. 71 at 3, and the settlement agreement notes that "Guerra acknowledges that it is her choice to waive any potential claims in return for the benefits set forth herein and that she made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with her attorneys." Doc. 71-1 at 4.